**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JAMES PLONSKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Civil Action No. 10-cv-2740 |
| CONTACT CENTERS OF | ) | |
| AMERICA, LLC | ) | Judge Milton Shadur |
| | ) | |
| Defendant. | ) | Magistrate Maria Valdez |
| | ) | |

**CONTACT CENTERS OF AMERICA, LLC'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(3), OR IN THE ALTERNATIVE, MOTION TO TRANSFER PURSUANT TO 28 U.S.C. § 1404**

Defendant, CONTACT CENTERS OF AMERICA, LLC ("CCA"), by and through its counsel W. Kent Carter and Hannah Kaplan, hereby submits its Motion to Dismiss the Complaint Pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(3) or in the alternative, Motion to Transfer pursuant to 28 U.S.C. § 1404, and in support thereof states as follows:

1. On or about May 7, 2010, Plaintiff, James Plonsker ("Plonsker") filed his Complaint against CCA, alleging breach of contract arising from an independent contracting agreement between Plonsker and CCA.

2. Defendant CCA is a Michigan limited liability company. The members of Contact Centers of America, LLC are: Joseph Jacoboni, a Florida resident and citizen; Alan Siegel, a Florida resident and citizen; Frank Sicoli, a Florida resident and citizen; John DeBrule, a Florida resident and citizen; Marie Shaw, an Arizona resident and citizen; and Contact Center Capital, LLC. Contact Center Capital, LLC is a Florida limited liability company with two members: James B. Davis, Jr., a Florida resident and citizen; and Church Street Capital Ventures, LLC. Church Street Capital Ventures, LLC is a Florida limited liability company with three

- 2 -

members: John DeBrule, a Florida resident and citizen; Kevin Tuttle, a Florida resident and citizen; and Cecilia Schiffer, a Florida resident and citizen.

3. As explained in detail in the attached supporting Memorandum of Law, this Court does not have jurisdiction over this matter. The employment agreement by and between Plonsker and CCA, consisting of a two page letter agreement and a four page Confidentiality and Non-Solicitation Agreement, contains a mandatory and enforceable Florida forum selection clause. The agreement provides that all actions arising out of the employment agreement shall be brought "only in the state and federal courts situated in the State of Florida." Accordingly, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(3).

4. Additionally, this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(2), as CCA has not engaged in any activities that would subject it to jurisdiction under the Illinois' long arm statute nor does it have sufficient minimum contacts with the State so that it should reasonably expect to be hailed into Court here. CCA simply has no connections to Illinois other than its involvement with Plonsker himself. However, CCA interviewed Plonsker in Florida, hired Plonsker in Florida and terminated Plonsker in Florida. Plosker's job consisted of attending meetings in Florida, creating clients for CCA in Florida, reporting to CCA's officers in Florida and relocating to Florida. CCA has no employees, offices, clients or connection to Illinois. Accordingly, Illinois lacks personal jurisdiction over CCA.

5. Alternatively, should this Court refuse to grant CCA's Motion to Dismiss, CCA seeks to have this matter transferred to the United States District Court for the Middle District of Florida, pursuant to 28 U.S.C. § 1404. This transfer is proper because, *inter alia*, the convenience of the parties, the convenience of the witnesses, and the interests of justice all clearly indicate that the Middle District of Florida is the more appropriate venue for this

litigation.  Whereas Florida has a significant connection to this action, Plonsker has only filed this action in Illinois out of personal convenience. All witnesses to Plonsker's hiring and termination are located in Florida.  All witnesses and documents relevant to the contracts allegedly procured by Plosnker's employment are in Florida.  Likewise, all witnesses and documents relevant to Plonsker's threats, and actions, in violating the Non-Solicitation Agreement are located in Florida.  The employment agreement is governed by Florida law and Plonsker previously retained Florida counsel to make a demand on CCA citing Florida law.  The Middle District of Florida also has a faster time to trial of civil actions.  The Middle District of Florida is simply a more convenient and appropriate forum for this action.

WHEREFORE, Defendant, Contact Centers of America, LLC, respectfully requests that this Honorable Court enter an Order dismissing the Complaint for lack of venue and/or lack of jurisdiction and for any other relief it deems fair and equitable.  In the alternative, Contact Centers of America, LLC, respectfully requests that this Court enter an Order transferring the matter to the United States District Court for the Middle District of Florida, and for any other relief it deems fair and equitable.

Respectfully submitted:

/s/ W. Kent Carter_____
CONTACT CENTERS OF AMERICA, LLC


W. Kent Carter, Esq. (wcarter@clarkhill.com)
Hannah L. Kaplan, Esq. (hkaplan@clarkhill.com)
CLARK HILL PLC
150 N. Michigan Ave., Suite 2700
Chicago, IL 60601
Ph: (312) 985-5900

6448233.1 29238/136277